Flowers v Cora Realty Co. LLC (2023 NY Slip Op 00029)

Flowers v Cora Realty Co. LLC

2023 NY Slip Op 00029

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 24076/17 Appeal No. 16779 Case No. 2021-04742 

[*1]Eric Flowers, Plaintiff-Appellant,
v
Cora Realty Co. LLC, et al., Defendants-Respondents.

Blank & Star, Brooklyn (Helene Blank of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Ava Maynard of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered October 8, 2021, which, to the extent appealed from, denied plaintiff's motion to strike defendants' answer, for a deposition of defendant Chestnut's Chief Operating Officer, the further deposition of the building superintendent, and production of agreements between defendants, unanimously affirmed, without costs.
The court providently exercised its broad discretion with respect to the requested further discovery (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745-746 [2000]). Plaintiff failed to cite any specific misconduct by defendants' counsel at the deposition of the building superintendent and our review of the transcript does not support the claim of a persistent pattern of frivolous, repetitive, or meritless conduct by defendants' counsel sufficient to support sanctions (see William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 32 [1st Dept 1992]). Although some objections were not well founded, the witness was generally permitted to answer the questions. Moreover, many of the questions to which there were objections were vague or improper in other respects. Additionally, the relevancy of the pictures and video in the record on appeal is unclear since no foundation was provided. The apparent conflict between the affidavit of Chestnut's CEO and the testimony of the building superintendent does not warrant re-opening discovery, since plaintiff filed a note of issue and certificate of readiness certifying that discovery was complete. In any event, plaintiff had the opportunity to question the superintendent regarding the existence of records concerning mopping activities and complaints of a wet condition on the stairs. Plaintiff also failed to demonstrate that defendants' failure to produce agreements between them violated outstanding court orders in that there is no indication in the record that the agreements were the subject of discovery requests that were not complied with by defendants.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023